

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK CUA, ) | |
| ) | |
| Plaintiff and Counter-Defendant ) | |
| ) | No. 04 C 8033 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| CORSOLUTIONS MEDICAL, INC., ) | |
| ) | |
| Defendant and Counter-Plaintiff. ) | |

## MEMORANDUM OPINION AND ORDER

In this breach of contract dispute, Plaintiff and Counter-Defendant Patrick Cua has filed a Motion to Dismiss Defendant and Counter-Plaintiff Corsolutions Medical, Inc.'s counterclaims pursuant to Local Rule 40.3. Cua's Motion is DENIED. Cua also moves to stay Corsolutions' counterclaims pursuant to the *Colorado River* doctrine. That motion is also DENIED.

Cua first argues that Local Rules 40.3 and 40.4 require the dismissal of Corsolutions' counterclaims. Cua points to the fact that Corsolutions filed a case on January 13, 2005, that was assigned to Judge Moran (05 - C - 237) in which it raised many of the claims pending in its counterclaims. Two months later, on March 30, 2005, Corsolutions first filed its permissive counterclaims[1] in this Court. And two weeks later, before Corsolutions ever served Cua with notice

---

[1] Corsolutions makes an unconvincing argument that its counterclaims are compulsory. But Corsoultions' counterclaims did not even exist when Cua first filed his complaint. In order to be compulsory, a counterclaim must, among other things, arise from the same transaction or occurrence that is the subject matter of the opposing party's claim. *See* Fed. R. Civ. P. 13(a); *Burlington Northern R. Co. v. Strong*, 907 F.2d 707, 710-11 (7th Cir. 1990). Corsolutions makes absolutely no effort to explain how a claim that did not even exist when the initial suit was filed could possibly have arisen from the same transaction or occurrence as its opponent's claim.

1

of the case it had filed against him, it moved to voluntarily dismiss the case pending before Judge Moran. Cua argues that L.R. 40.3(b)(2) dictates that Corsolutions' counterclaims be dismissed so that they can be refiled with Judge Moran. The Court disagrees.

Local Rule 40.3(b)(2) states that "[w]hen a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned." First, the operative word in L.R. 40.3(b)(2) is *case*. A case and a claim are not the same. Here, no second "case" has been filed. Corsolutions merely added claims to an already pending case. Further, L.R. 40.3(b)(2) governs the "Re-filing of Cases Previously Dismissed," and Corsolutions filed its counterclaims in this case *before* it dismissed the case pending before Judge Moran.

It is true that one purpose of L.R. 40.3(b)(2) is to prevent forum- (or, more precisely, judge-) shopping. However, any defendant who has a permissive counterclaim also has a narrow window in which to forum shop. That is because a defendant with a permissive counterclaim can choose to proceed before the judge presiding over the claim against it or it can choose to file its claim as a separate case. But nothing in Corsolutions' actions suggests that it has engaged in forum shopping. Here, Corsolutions dismissed the action before Judge Moran before any acts had been taken after the filing of the case. If Corsolutions had chosen to file an action as a separate case, began litigating that

---

Moreover Corsolutions' counterclaims, but for their reliance on the contract between Cua and Corsolutions bear no relationship to Cua's claims. Corsolutions' counterclaims relate only to Cua's behavior *after* he was terminated, while Cua's claims relate only to behavior *before* he was terminated. Finally, the Court notes that compulsory counterclaims that are not raised in the initial pleading are generally waived—and Corsolutions first answered Cua's complaint on Febraury 3, 2005, almost two months before it raised its counterclaims.

2

case, and then dismissed it after it suffered adverse rulings, then the Court might reach a different conclusion. The Court holds that L.R. 40.3(b)(2) does not require the dismissal of Corsolutions' counterclaims, and Cua's motion is DENIED.

Cua next argues that the Court should dismiss, or at least abstain from hearing, Corsolutions' counterclaims under the *Colorado River* doctrine. The *Colorado River* doctrine is to be invoked only in exceptional cases. *Blue Cross and Blue Shield of Ill.*, 396 F.3d 793, 801 (7th Cir. 2005); *Reliance Ins. Co. v. Raybestos Products Co.*, 382 F.3d 676, 679 (7th Cir. 2004). In *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Court set forth ten factors to consider when deciding whether a federal action should be dismissed in favor of a parallel state action. But the Court need not reach these factors because it finds that the proceedings are not, in fact, parallel.

At least one of Corsolutions' counterclaims (its fraud claim) would not be resolved by the state court proceeding. The presence of this claim alone suggests that the proceedings are not parallel (and while it appears to the Court that Corsolutions has not plead this claim with sufficient particularity, nothing suggests that this defect cannot be cured). Second, Cua's declaratory action sought to show that "the Covenants are over broad and legally unenforceable under *Georgia* law." (emphasis added). The Georgia state court then applied *Convergys Corp. v. Keener*, 582 S.E.2d 84 (Ga. 2003) to invalidate the choice-of-law provision in the parties' contract. *Convergys Corp.* provides that "[t]he law of the jurisdiction chosen by parties to a contract to govern their contractual rights will not be applied by Georgia courts where application of the chosen law would contravene the policy of, or would be prejudicial to the interests of, this state." 582 S.E. 2d at 85-86. By relying

on *Convergys Corp.*, the Georgia court necessarily limited the scope of its ruling to the state of Georgia — for it cannot be said that applying Illinois law (or New York law for that matter) to acts taking place in the state of Illinois in anyway contravenes the policy of or is prejudicial to the interests of Georgia. While Illinois courts would be required under the full faith and credit clause to respect the Georgia court's ruling that the restrictive covenants are not enforceable within the state of Georgia, nothing in that clause suggests that Illinois courts would be required to adopt Georgia law to determine whether the restrictive covenants were enforceable within the state of Illinois. In other words, the Court interprets the Georgia court's decision as a determination that the restrictive covenants at issue in the Georgia state case and in Corsolutions' counterclaims are not valid and enforceable under Georgia law within the state of Georgia, but has made no determination as to whether said restrictive covenants are valid and enforceable in any other state (though they may, to some extent, soon becom moot, for the covenants are of limited duration). Therefore, the Georgia case would not necessarily resolve all of the claims in this case. The Court thus declines to abstain from exercising jurisdiction, pursuant to the *Colorado River* doctrine, over Corsolutions' counterclaims in this case. Cua's Motion to Stay is DENIED without prejudice.

A final note is in order regarding Cua's motion to strike Corsolutions' counterclaims. Corsolutions should think carefully about whether it can make a non-frivolous argument that its first request for declaration is not barred by the *Rooker-Feldman* doctrine and whether it can make a non-frivolous argument that Paragraph 16i of the contract between the parties is a forum-selection clause and not a consent to jurisdiction clause.

4

Cua's Motion to Dismiss Corsoultions' Counterclaims pursuant to L.R. 40.3 is DENIED.

Cua's Motion to Stay Corsolutions' Counterclaims pursuant to the *Colorado River* doctrine is DENIED without prejudice.

IT IS SO ORDERED.

7/13/05
Dated

The Honorable William J. Hibbler
United States District Court